# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KENNETH WAYNE FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-cv-3140 |
| ) | |
| SPRINGFIELD POLICE ) | |
| DEPARTMENT, OFFICER ) | |
| SULLIVAN, OFFICER ) | |
| WILKERSON, and ) | |
| OFFICER ELMORE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kenneth W. Foster's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) (IFP Motion). Foster has not paid the filing fee. This Court must dismiss any case brought in forma pauperis if the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, this Court recommends that this case be dismissed pursuant to §1915(e)(2)(B)(ii).

## PLAINTIFF'S ALLEGATIONS

Plaintiff Kenneth Foster's Complaint (d/e 1) alleges the following. On May 30, 2018, in the early morning after midnight, a woman (Woman)

assaulted Foster in Foster's residence. Foster does not allege the name of the Woman. Foster alleges he was the "proprietor" of the residence. He alleges that the Woman physically assaulted him and destroyed his bedroom and bedroom furnishings completely. He alleges that the Woman locked herself in his bathroom.

Foster alleges that he called 911. The individual Defendants Springfield, Illinois Police Officers Sullivan, Wilkerson, and Elmore (the Defendant Officers) arrived 30 minutes later. The Defendant Officers separated Foster and the Woman. The Officers required Foster to step out of the residence. Foster alleges that the Defendant Officers forced him to wait outside in the rain. Foster alleges that the Woman used the separation as an opportunity to steal his house and car keys.

Foster alleges that the Defendant Officers eventually escorted the Woman off Foster's property, but did not arrest or charge either one of them and did not make a written report of the incident. Foster alleges that the Woman threatened his life when she was escorted off the premises and has subsequently stalked his residence ever since.

Foster asks the Court to hold the Defendant Officers accountable for willful and wanton negligence and official misconduct.

State law governs Foster's claims for willful and wanton negligence and official misconduct by a municipal police officer, not federal law or the U.S. Constitution.[1] Foster may only bring solely state law claims in federal court if he and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Foster alleges that he is a resident of Springfield, Illinois. He has not alleged that the Defendant Officers are not citizens of Illinois. As Springfield, Illinois Police Officers, the Court finds that it is not plausible that the Defendant Officers are citizens of a state other than Illinois. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (Plaintiff must allege facts that state a plausible claim). Based on Foster's allegations, this Court cannot hear his state law claims for willful and wanton negligence and official misconduct. Foster could only proceed in federal court if he alleged a violation of his rights under either federal law or the U.S. Constitution.

Foster has not alleged a violation of his rights under federal law or the U.S. Constitution. Foster alleges that the Defendant Officers did not arrest the tenant or write a police report. Foster has no federal or Constitutional right that would obligate the Defendant Officers to take such action. See

---

[1] The Court makes no comment on the validity of any possible state law claims against the Defendant Officers.

Rossi v. City of Chicago, 790 F.3d 729, 735 (7th 2015) (A police detective did not violate an assault victim's rights by failing to investigate the assault or write a report).  The Rossi court quoted the decision in DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989), in which the Supreme Court stated, "[T]he Constitution 'generally confer[s] no affirmative right to governmental aid . . . ." DeShaney, 489 U.S. at 196.  Foster, therefore, has no federal or Constitutional right to require the Defendant Officers to arrest the Woman or to write a report.

At this point, Foster may pursue remedies against the Woman in state court.  According to the allegations, the Woman injured him and destroyed his property.  The Defendant Officers' alleged actions or inactions did not affect his ability to pursue any remedies against her for those wrongs.  See Rossi v. City of Chicago, 790 F.3d at 735-37.  Foster, however, fails to allege a federal claim.

Foster also alleges no facts on which he could base a claim directly against the Defendant City of Springfield, Illinois (City), and asks for no relief directly against the City.  Foster, therefore, fails to state a claim on which this court may grant any relief against any Defendant.

THEREFORE, THIS COURT RECOMMENDS that this case be dismissed for failure to state a claim over which this Court has subject

CgL6

matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This Court should dismiss any state law claims for lack of subject matter jurisdiction.

Plaintiff Foster is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   June 20, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE