IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **KENNETH WAYNE FOSTER,** )<br>)<br>    **Plaintiff,** )<br>)<br>        v. )<br>)<br>**SPRINGFIELD POLICE DEPARTMENT,** )<br>**OFFICER SULLIVAN, OFFICER** )<br>**WILKERSON, and OFFICER ELMORE,** )<br>)<br>    **Defendants.** ) | No. 18-CV-3140 |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 3) entered on June 20, 2018. Judge Schanzle-Haskins recommends that this Court dismiss this case for failure to state a claim over which this Court has subject matter jurisdiction..

Objections to the Report and Recommendation were due 14 days after service of a copy of the Report and Recommendation. The Clerk of the Court mailed a copy of the Report and Recommendation to Plaintiff on June 20, 2018. When a party must act within a specified time after being served and service is made by

mail, three days are added to the time period. Fed. R. Civ. P. 6(d). Therefore, objections were due on July 9, 2018.[1] Plaintiff did not file any objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F. 3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found this Court did not have jurisdiction over Plaintiff's state law claims for willful and wanton negligence and official misconduct by a municipal police officer. Plaintiff, who alleges he is a resident of Illinois, does not allege a plausible claim that the Defendant Officers are citizens of a state

---

[1] Seventeen days from June 20, 2018 falls on Saturday, July 7, 2018.

other than Illinois. Therefore, jurisdiction under 28 U.S.C. § 1332 is lacking. Judge Schanzle-Haskins further found that Plaintiff does not allege a violation of his rights under federal law or the U.S. Constitution because he has no federal or Constitutional right that would obligate the Defendant Officers to arrest someone or write a police report. Finally, Judge Schanzle-Haskins found that Plaintiff alleges no facts on which Plaintiff could base a claim directly against the Defendant City of Springfield.

After reviewing the Complaint, the Report and Recommendation, and the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

**(1) The Report and Recommendation (d/e 3) is ADOPTED in its entirety.**

**(2) This case is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim over which this Court has subject matter jurisdiction.**

**(3) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is DENIED AS MOOT.**

**(4) This case is CLOSED.**

**ENTERED: July 24, 2018**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**